Opinion ol1 the Court, by
Ch. J. Boyle.
THIS was an action brought by W. and E. Layman against Harrison Bell and John Loder, for the con sion of two-thirds of an auger for boring wells. The suit was abated as to Loder, by the return of the sheriff, and Bell pleaded the general issue, on the trial of which *40 it was proved that the plaintiffs and Loder were the joint owners of the auger in question, and that Loder took the auger to bore a well in partnership with Bell; and after they had used it for that purpose, the auger was taken and sold in virtue of an attachment for Loder and Bell’s debt. On this evidence, Bell moved the court f0 instruct the jury to find as in case of a nonsuit; but the court overruled the motion, and he excepted,
One part-owner of a thing may ^ conversion against his co-tenant.
such case, the declara-’ tion is goad tiffípartonly.
(■2) The non-''the plaintiff, of a part-biftaíon^d-vantage of to defeat the tT°° la"nliff’s interest,1 by plea in’ a-hatement on-
Tho plea in such caso tíiattho°art-owner is not defendant,
, IP a non-joiador appear from the ''■'üicrttemu-reidor motion in arrest of judgment^ ■ will avail; otherwise neither will, though the declaration ho for only part of the thins;
The jury having found a verdict for the plaintiffs, gejj moveci t]le court to arrest the judgment, on thfi ground that an action of trover and conversion would not lie for the two-thirds of the auger; but the court overruled the motion, and rendered judgment for the plaintiffs, to which Bell prosecutes this writ of error,
(1) We will first consider the point made on the mo* tion in arrest of judgment. It is well settled, where Qnc ^ sevcra] part-owners of a thing, whether they bo joint tenants or tenants in common, does an act which amounts to a conversion, tiiat the other may maintain an ac!‘ün f°r the conversion; and as in such an action the plaintiffs could only recover the value of their shares, we can see no rational ground of objection to asserting in their writ and declaration, a claim to so much only as they have a right to recover,
(2) It is true, where the action is brought against a stranger, all the joint tenants or tenants in common otight to join; but if they do not, (he matter can be taken advantage of, to defeat the recovery, to the extent 0f the plaintiff’s right only, by pleading it in abatement; and to the validity of such a plea, it is obviously essential, as one joint tenant or tenant in common can maintain th.e action against another, that the plea s'lou^ show that some person, not a party to the action, was a part-owner of the thing with the plaintiff,
(3) if, indeed, such appeared to be the case from the declaration itself, the defendant might, no doubt, without pleading it, take advantage of that matter by de* murrer or in arrest ofjudgment; font can neverbene-». cessary for the defendant to plead that which the plaintiff himself has shown by his own pleadings. But in this case, although the declaration shows that the plaintiffs are owners in part only, of the thing for which they sue, 4 does not appear that the defendant is no£ owner of the residue, and therefore there is not apparent upon the face of tbe declaration, sufficient to show *41 that the action was improperly brought for the two-thirds of the auger only; and consequently, the circuit court was correct in overruling the motion in arrest of judgment.
(4) The use goods by a. stranger, in one partowner,isnot a. f,onversion by of the other 5 part owners’ sllaro-
process of 7 lawofa thing in -possession ^ stranger, for their debt, is Son'llC°them of the other part owners share- ,-
,g, Asa5ei) ¡Wocessof ^ law, for the °Lthe . c^versiorfm him, if he as-rented; oth-
(7) Asileby a part owner notaco’nversion; nothing short of a destruction of the goods, will amount to it.
*41 (4) it remains, then, in the.secoiid place, to enquire whether or not the’circui.t court erred in refusing to instruct the jury to find as in case of a nonsuit.
i o support the action; two points were necessary fo be proved: 1st, Property in the plaintiffs; and 2dly, a conversion by the defendant-, Bell. Property in the plaintws, to the extent necessary to maintain the action, was indisputably proved; so that the only point of controversy is as to the proof of a conversion by Bell. -The use of the auger by him in partnership with Lo-der, who was a joint owner with the plaintiffs, cannot, we imagine, be pretended to amount to a conversion.
(5) The only other fact, which the proof conduces to establish; that can be relied oji as a conversion of the auger by Bel), is, that it was taken and sold for his and Loder’s debt; but this, we think, cannot amount, upon legal principles, to a conversion.
(6) Had the augeF been, taken and sold by virtue of the attachment for the sole debt of Bel!', there would have been some colour for supposing it to be a conversion by him. Even in that case, however, unless there 'had been some proof conducing to show bis assent to the seizure and s’ale, we should have had some hesitation in saying that it amounted to a conversion. He would doubtlessly have been liable for the amount to which his own debt had been thereby extinguished; fout a different form of action would appear to have been a more appropriate remedy. Be that, however, as it may, it is not material now to decide; for the auger was taken and sold, not for his sole debt, but for the joint debt of him and Loder; and if the seizure and sale did not amount to a conversion by the'latter, it is apparent that they cannot be considered to amount to a conversion by the former; for, ns the seizure and sale were made for the joint debt of both of them, they must have both been equally in default, and if both were not guilty of a conversion, neither can be.
(7) That Loder could not thereby be charged with the conversion of the auger, upon legal principles, is evident. Even if he had voluntarily sold the property Imnself, in discharge of the debt, he would not have *42 been liable for a conversion; for* being a joint owner with the plaintiffs, nothing short of a destruction of the auger can amóünt fo a conversion by him, for which he’ would be liable in this form of atítion, and a sale by hi m could not be deemed equivalent to a destruction of the auger. 3 Selw. N. P. 1154-5, ánd note 8.
Daniel, for plaintiff; Triplett and Short* for defen* dants.
The judgment must be reversed with costs, and the cause remanded for a new trial to be had, not inconsistent herewith.